UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

RICHARD WESLEY RANDALL,  Civil No. 11-CV-2944 (PJS/LIB)

          Plaintiff,

v.  **REPORT AND RECOMMENDATION**

R.S.C. EQUIPMENT RENTAL,

          Defendant.

This matter came before the undersigned United States Magistrate Judge upon the Motion of the Defendant to Dismiss Plaintiff's Complaint. A hearing on the Motion was conducted on December 1, 2011. The case has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons outlined below, the Court recommends that the Defendant's Motion to Dismiss be GRANTED.

**I.   BACKGROUND**

On September 14, 2011, the Plaintiff filed a Complaint in Carlton County, Minnesota alleging negligence. (Compl., [Docket No. 1]). The Defendant removed the Complaint to federal court on October 6, 2011. (Notice of Removal, [Docket No. 1]). The Defendant rented a backhoe to the Plaintiff. On September 14, 2005, the Plaintiff suffered an accident while driving the backhoe causing him injury, including broken vertebras. (Compl.). On the day after the accident, the Plaintiff called the Defendant's representative, Paul Markala, and told him what

1

happened.  Id.  According to the Complaint, Markala told the Plaintiff "not to call anyone or move anything, that he would be right there."  Id.

From these facts, the Plaintiff specifically alleges that the Defendant

a. neglected to comply with terms and conditions of renting for road use.  Told plaintiff assurance covered over and above any commercial policy.
b. told injured driver in shock not to call anyone and failed or neglected to notify emergency medical assistance of the accident to the Carlton County Sheriff Department.  They just left the accident scene.
c. R.S.C. Rep. Paul and Jim both negligent of medical assistance, reports, rental agreement page with road use description missing, photo's of the road, tracks and accident missing.
 d. when ordered to supply what R.S.C. kept for accident proof files by Plaintiff Attorney General of Minnesota's Offices assisting.  Received one page left of the rental agreement with plaintiff name typed in.  Also one photograph not of the plaintiffs accident of some other backhoe.
e. abused authority, desertion, honesty, a good heavy equipment operator with unfair, unfit business practice by R.S.C. Representatives.

Id.

As to damages, the Plaintiff's Complaint alleges that

8. As a direct and proximate result of the accident, negligent and carelessness of the Defendant, the Plaintiff
   a. suffered serious painful and permanent bodily injuries, great physical pain and mental anguish, severe and substantial emotional distress, loss of the capacity for the enjoyment of life.
   b. was, is and will be required to undergo medical treatment and to incur medical costs and expenses in order to alleviate injuries, pain, and suffering.
   c. was, is and will be precluded form [sic] engaging in normal activities and pursuits including a loss of ability to earn money and of actual earnings.
   d. and, otherwise was hurt, injured and caused to sustain losses.

(Compl.)

Presently before the Court is Defendant's Motion to Dismiss all the counts of the Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II.   STANDARD OF REVIEW

The pleadings of pro se parties "[are] to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nonetheless, "[a]lthough a court will read a pro se plaintiff's complaint liberally, a pro se complaint, [no less than any other complaint], must present a claim on which the Court can grant relief." Chandler v. Rocheu, 215 F.Supp.2d 166, 168 (D. D.C. 2002) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a claim if, on the pleadings, a party has failed to state a claim upon which relief may be granted. On a motion to dismiss, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004); Riley v. St. Louis County, 153 F.3d 627, 629 (8th Cir. 1998). However, Fed. R. Civ. P. 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This requires a Plaintiff to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plaintiffs must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 555.

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and quotations omitted). Plaintiff's factual allegations must be "enough to raise a right to relief above the speculative level." Id. Courts must undertake the "context-specific task" of determining whether the plaintiffs' allegations "nudge" their claims

against each defendant "across the line from conceivable to plausible." See <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937 at 1950, 1952 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." <u>Farnham Street Financial, Inc. v. Pump Media, Inc.</u>, 2009 WL 4672668 at *3 (D. Minn. Dec. 8, 2009) (citing <u>Iqbal</u>, 129 S.Ct. at 1949).

Facts pled which "give the defendant fair notice of what the claim is and the grounds upon which it rests" meet the 12(b)(6) standard. <u>Twombly</u>, 550 U.S. at 555. When analyzing a complaint on a 12(b)(6) motion to dismiss, courts "should read the complaint as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F.3d 585, 594 (8th Cir. 2009). Deciding whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." <u>Id</u>.

## III. DISCUSSION

The Court construes Plaintiff's Complaint as alleging a negligence claim based on five separate allegedly wrongful actions taken by the Defendant listed as sections (a) through (e) in the Plaintiff's Complaint. The Defendant provides a separate basis for dismissal for each these negligence theories in its motion. The Court finds that the Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) in its entirety.

For the Plaintiff to set forth a cognizable, plausible negligence claim, he must allege sufficient facts to show (1) duty; (2) breach; (3) that the breach proximately caused plaintiff's claimed damages; and (4) damages. See <u>Louis v. Louis</u>, 636 N.W.2d 314, 318 (Minn. 2001). As to element 3, causation:

> [t]here is proximate cause between a negligent act and an injury when the act is one which the party ought, in the exercise of ordinary care, to have anticipated was likely to

>result in injury to others. A plaintiff must also show that the negligent conduct was a substantial factor in bringing about the injury. While the existence of proximate cause is usually a question of fact for the jury, when reasonable minds could reach only one conclusion, it is a question of law.

Lietz v. N. States Power Co., 718 N.W.2d 865, 872 (Minn. 2006) (citations omitted).

Turning to the facts of this case, the Plaintiff's Complaint alleges facts that all deal with alleged misdeeds by the Defendant that occurred <u>after</u> the accident. Plaintiff claims that the Defendant breached the rental contract, failed to provide emergency assistance, failed to provide records regarding the accident to the Plaintiff, and engaged in unfair business practices. (Compl). However, all of Plaintiff's alleged damages set forth in the Complaint arise from the accident itself. Plaintiff alleges as damages that he has "serious painful and permanent bodily injuries," "mental anguish," which will require him to undergo medical treatment, preclude him from engaging in normal activities, and otherwise result in past and future loss of earnings. (Compl.) All Plaintiff's injuries are bodily injuries suffered as a result of the rollover,[1] not from any of the alleged post-accident actions on the part of the Defendant. Thus, Plaintiff has not pled any facts demonstrating that the Defendant's alleged misdeeds, as set forth in the Complaint, caused the backhoe to overturn and thereby caused his injuries. Reasonable minds could reach only one conclusion - that the Plaintiff's injuries were not proximately caused by the Defendant's actions taken <u>after</u> the rollover accident.[2]

For this single reason, the Plaintiff's failure to allege any facts in his Complaint regarding the essential element of causation, the Court recommends that the Plaintiff's Complaint be

---

[1] As currently pled, Plaintiff's complaint does not allege any actions that the Defendant undertook which actually caused the rental equipment to rollover.
[2] At the hearing regarding the present motion, the Plaintiff represented that he had a number of witnesses who were prepared to testify. However, when pressed by the Court, the Plaintiff admitted that these witnesses, including the tow truck driver and grater operator that removed the vehicle from the accident scene, would testify about the actual accident itself, rather than the actions of the Defendant after the accident. Thus, this potential evidence suffers from the same defect as Plaintiff's complaint.

dismissed in its entirety under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Although the Court broadly recommends dismissal of Plaintiff's claims above, for the sake of completeness, it will also analyze each alleged action that the Plaintiff contends constitutes negligence through the prism of Fed. R. Civ. P. 12(b)(6).

### A. Plaintiff's Claim that Defendant Did Not Comply with the Terms and Conditions of the Rental Agreement (Paragraph (a) of the Complaint)

Plaintiff claims that the Defendant "<u>neglected</u> to comply with the terms and conditions of renting" (emphasis added) and told Plaintiff that "assurance covered over and above any commercial policy." (Compl.).  Defendant maintains that these allegations do not state a plausible claim for relief because they do not state the terms and conditions with which the Defendant failed to comply. (Def.'s Mem., p. 8).  The rental agreement is not attached and Plaintiff does not explain what facts constituted the alleged breach of the rental agreement. <u>Id</u>.

Even assuming that the Plaintiff means that the Defendant breached the rental agreement by failing to provide "Assurance," the Defendant maintains that the Complaint still fails to state a claim. <u>Id</u>. Defendant maintains that the Plaintiff did not allege any facts supporting a breach or violation of this part of the rental agreement. <u>Id</u>. Moreover, Defendant contends that the express terms of the Assurance provision expressly exclude coverage for injury to the Plaintiff.  <u>Id</u>. at 9.

The Defendant has attached a copy of the rental agreement to its Answer as an Exhibit. (Docket No. 4).  Since the Plaintiff referred to the rental agreement in the Complaint, the Court can properly consider the agreement when deciding the present motion to dismiss.  See <u>Moses.com Securities, Inc. v. Comprehensive Software Sys., Inc.</u>, 406 F.3d 1052, 1063 n. 3 (8th Cir. 2005)(citing <u>Venture Assoc's Corp. v. Zenith Data Sys.</u>, 987 F.2d 429, 431 (7th Cir.

2003)(stating that documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [its] claim")).

The relevant provision of the rental contract regarding Assurance reads:

> If Customer does not provide proof of insurance as required below, customer will be charged a LDW Assurance ("LDW") plan charge an established by RSC. Customer agrees and understands that the LDW is not insurance. Customer is fully responsible for the loss of or damage to the Equipment subject to the terms and conditions of the LDW plan. If customer purchases the LDW plan, customer's responsibility for loss or damage to the Equipment will be limited to twenty-five (25%) of the replacement cost of the Equipment, subject to the exceptions set forth in the LDW plan, which is incorporated herein by reference. Additional copies of the LDW plan can be found at RSCrental.com/LDWassurance or at any RSC location. Notwithstanding the foregoing, in the event of any default by Customer under this Agreement, the LDW protection will be void, and Customer will be liable for the full replacement value and related expenses for all loss or damage to Equipment.

(Exhibit [Docket No. 4]).

Even were the Court to construe Plaintiff's allegations regarding assurance as a breach of contract claim, the Court would still independently find that the Plaintiff has not asserted enough facts in his Complaint to survive a Rule 12(b)(6) motion to dismiss regarding his assurance theory. To demonstrate a breach of contract claim, a plaintiff must allege (1) existence of a contract; (2) its performance of conditions precedent; (3) a material breach by the other party; and (4) resulting damages. Parkhill v. Minn. Mut. Life Ins. Co., 174 F.Supp.2d 951, 961 (D. Minn. 2000).

Plaintiff does not provide any facts regarding the provision of the contract allegedly breached or how the contract was breached. Instead, Plaintiff simply conclusively states that the Defendant "neglected to comply with terms and conditions of renting for road use." Such a statement does not constitute factual content in support of the claims in the Complaint, but instead is a mere legal conclusion. Twombly, 550 U.S. at 555 ("a plaintiff's obligation to

7

provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Additionally, the terms of the rental contract itself, as made part of the record with Defendant's motion, demonstrate that the "Assurance" provision therein apparently relied upon by the Plaintiff did not cover any personal, physical injuries suffered by the Plaintiff (which the Complaint alleges to be the basis for damages in this case). Instead, the "Assurance" provision covers liability regarding loss or damage to the rented equipment itself. Moreover, to the extent the Plaintiff may attempt to argue that the parties reached different terms as to assurance during any oral negotiations, such oral discussions constitute parol evidence and cannot be considered by the Court. The final, written rental agreement constitutes the final contract. See Alpha Real Estate Co. of Rochester v. Delta Dental Plan of Minn., 664 N.W.2d 303, 312 (Minn. 2003)("The parol evidence rule prohibits the admission of extrinsic evidence of prior or contemporaneous oral agreements, or prior written agreements, to explain the meaning of a contract when the parties have reduced their agreement to an unambiguous integrated writing.")

### B. Plaintiff's Claim that Defendant Negligently Failed to Summon Emergency Services of Police Assistance (Paragraph (b) of the Complaint)

Plaintiff alleges that the Defendant acted negligently when it failed to call emergency services and request emergency assistance on behalf of Plaintiff the morning after the accident. (Compl.). Defendant contends that this negligence claim should be dismissed because the facts alleged by the Plaintiff in the Complaint do not show a duty owed by the Defendant to the Plaintiff requiring the Defendant to call emergency services on behalf of the Plaintiff. (Def.'s Mem., p. 9). In addition, Defendant argues that Paul Markala's alleged statement to the Plaintiff that he would be right there does not give rise to a duty because it does not indicate that Mr. Markala was coming to aid Plaintiff or decided to rescue him. Id. at 10.

The Court recommends independent dismissal of this claim because the Plaintiff has not pled facts to support a negligence action, specifically that a post accident duty to secure emergency assistance was owed to the Plaintiff by the Defendant.  Here, the Plaintiff appears to assert generically that a rental company owes a duty to call emergency services or to provide post accident emergency assistance to an injured person based on the existence of a rental relationship.  However, the Court finds that such a duty does not exist in the present case.

A duty can exist at common law[3] or be established either by statute or by special relationship.  Minnesota law does not recognize a general common law duty to come to the post-accident aide of another.   See Swenson v. Waseca Mut. Ins. Co., 653 N.W.2d 794, 797 (Minn. Ct. App. 2002)(purpose of Good Samaritan statute is to encourage people to help those in need "when they under no legal obligation to do so"). "In order to find that a special relationship exists, it must be assumed that the harm to be prevented by the defendant is one that '[the defendant] is in a position to protect against and should be expected to protect against.'" Gilbertson v. Leininger, 599 N.W.2d 127, 131 (Minn. 1999) (citations omitted). Traditionally, a legal duty based on special relationship exists only in situations involving common carriers, innkeepers, possessors of land who hold the land open to the public, and persons who have custody of another person in which the person in custody is deprived of normal opportunities of self-protection.  Harper v. Herman, 499 N.W.2d 472, 474 (Minn. 1993). No facts have been alleged in the Complaint to suggest such a special relationship exists here.

Nor does any Minnesota statute appear to create such a post accident duty on the part of an equipment lessor.  Minnesota's Good Samaritan statute imposes a duty to help on anyone present "at the scene of an emergency" who "knows another person is exposed to or has suffered

---

[3] At common law the creation of a duty generally depends upon the reasonable foreseeability of harm to an identifiable class of individual should there be a failure to act.  Hartman v. Circuit City Stores, Inc., 2008 WL 5137050, at *3 (Minn. Ct. App. Dec. 9, 2008).

grave physical harm." Minn. Stat. § 604A.01, subd. 1. The Defendant was not even made aware of the accident by Plaintiff until the next day. In this case, it is undisputed that the Defendant was not present "at the scene of the accident." Therefore, the Defendant did not have a duty to come to the Plaintiff's aid on the basis of any apparent statutory authority.

Additionally, Mr. Markala's post accident, next day comments to Plaintiff "not to call anyone or move anything, that he would be right there" do not create a duty. (Compl.) One assumes a duty to act when he "undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things," and liability will be imposed if (1) his failure to act increases the risk of harm; (2) he undertook a duty owed by the other to the third party; or (3) the harm is suffered because the other or the third person relied on the undertaking. Walsh v. Pagra Air Taxi, Inc., 282 N.W.2d 567, 571 (Minn. 1979); Restatement (Second) of Torts § 324A (1965). Since the Plaintiff did not call the Defendant until the day after the accident, it is not set forth in the factual allegations of the Complaint just what actions the Defendant was supposed to take that were necessary for Plaintiff's protection. By the time the Plaintiff called the Defendant the next day, the accident had already occurred and Plaintiff already incurred his alleged injuries. At that point, the Defendant could not take any further action to protect the Plaintiff from the onset of injury; nor, are there any factual allegations in the Complaint addressing the possibility of aggravation.

Thus, the Court recommends that this claim be dismissed for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).

**C.    Plaintiff's Claim that Defendant Negligently Withheld Records from Plaintiff (Paragraphs (c) and (d) of the Complaint)**

Plaintiff's Complaint asserts that the Defendant acted negligently by failing to create and/or maintain various records and documents, and by improperly withholding those records from him. (Compl.). Once again, Defendant contends that the Plaintiff has failed to state a plausible claim for relief as to this issue because Plaintiff has not alleged facts demonstrating that the Defendant owed Plaintiff any duty to create, maintain, or provide copies of such documents to Plaintiff. (Def.'s Mem., p. 10). Moreover, Defendant asserts that no facts exist in the Complaint to show that the Defendant had a duty to take photographs, create an incident report, or provide another copy of the rental agreement to Plaintiff. Id.

As discussed above, a duty can exist at common law or be established by statute or by special relationship. However, no authority has been brought to the Court's attention to show that either the common law, a special relationship, or a statute exists creating a duty for a rental company to provide accident reports to a renter or to keep certain records for the benefit of the renter. Moreover, the Court has also been provided with no authority to suggest that any post-accident demand by the Attorney General to the rental company to provide such documents would create such a duty or a private cause of action in tort on behalf of the renter.

Instead, this claim appears to this Court to be more akin to a discovery request by the Plaintiff seeking information regarding his accident to which the Defendant is purported to have inadequately responded. A failure to respond to a discovery request does not create a private negligence claim in tort.

As such, the Court also independently recommends that this claim be dismissed.

**D.     Plaintiff's Claim that the Defendant Abused Authority, Deserted Plaintiff and Engaged in "Unfair Business Practice" (Paragraph (e) of the Complaint)**

Plaintiff claims that the Defendant "abused authority, desertion, honesty, a good heavy equipment operator with unfair, unfit business practice." (Compl.). As to this claim, the

Defendants contend that the Plaintiff has not stated any facts or legal theory regarding the allegations. (Def.'s Mem., p. 12).

Even assuming this portion of Plaintiff's Complaint were distinct from his exclusive claim for tort damages sounding in negligence, and the Court construes this portion of the Complaint as an attempt to bring a claim under a Minnesota consumer protection statute, the claim should still be independently dismissed.

The Minnesota Deceptive Trade Practices Act ("MDTPA") applies to persons "engage[d] in a deceptive trade practice . . . in the course of business, vocation or occupation…" Minn. Stat. § 325D.44. It prohibits individuals from engaging in a deceptive trade practice by creating a "likelihood of confusion or of misunderstanding." Minn. Stat. § 325D.44, subd. 1(13). Similarly, the Minnesota Consumer Fraud Act ("MCFA") prohibits "the act . . . of any fraud, false pretense, false promise, misrepresentation, misleading statement or deceptive practice, with the intent that others rely thereon in connection with the sale of any merchandise." Minn. Stat. § 325F.69. However, private citizens may only bring claims under these statutes through Minnesota's Private Attorney General Statute, Minn. Stat. § 8.31, which limits such actions to those that benefit the public. Ly v. Nystrom, 615 N.W.2d 302, 314 (Minn. 2000) (interpreting Minn. Stat. § 8.31, subd. 3a). One-on-one transactions do not fulfill the public benefit requirement of the Private Attorney General Statute. Ly, 615 N.W.2d at 314. Instead, courts consider a claim to benefit the public when misleading statements or deceptive trade practices are directed to the "public at large." Collins v. Minn. School of Bus., Inc., 655 N.W.2d 320, 330 (Minn. 2003).

Here, Plaintiff has failed in his Complaint to allege the required public benefit. See DeVary v. Countrywide Home Loans, Inc., 701 F.Supp.2d 1096, 1109 (D. Minn.

2010)(dismissing MDTPA claim where plaintiff failed to allege a public benefit); Buscher v. Brown & Brown, Inc., 2009 WL 2595937, at *4 (Minn. Ct. App. Aug. 25, 2009) (concluding that MCFA claims fail as a matter of law when no public benefit).  Moreover, the Plaintiff engaged in a one-on-one rental transaction with the Defendant which does not create a public benefit.  Therefore, the actions cannot be said to benefit the public at large.  Moreover, Plaintiff seeks only monetary damages to compensate for his own alleged injuries.  These personal, monetary damages do not serve a public benefit.  See Overen v. Hasbro, Inc., 2007 WL 2695792, at *3 (D. Minn. Sept. 12, 2007).

Consequently, the Court would again also independently recommend that this claim be dismissed.

## III. CONCLUSION

On the basis of the above discussion, the Plaintiff has not alleged facts sufficient to "raise a right to relief above the speculative level...." Twombly, 127 S.Ct. at 1964-65. Consequently, the Court recommends that Plaintiff's Complaint be dismissed in its entirety without prejudice under Fed. R. Civ. P. 12(b)(6) for failure to allege enough facts to state a claim upon which relief can be granted.[4]

**IT IS HEREBY RECOMMENDED THAT:**

1. Defendant's Amended Motion to Dismiss [Docket No. 14] be GRANTED; and

2. The Plaintiff's Complaint [Docket No. 1] be DISMISSED WITHOUT PREJUDICE.

---

[4] At the hearing regarding the present motion, Plaintiff asked that the Court to appoint an attorney to represent him. Indigent persons do not have a constitutional or statutory right to counsel in civil cases. Pennsylvania v. Finley, 481 U.S. 551, 556-57 (1987). Rather, the appointment of counsel in civil cases is generally a matter committed to the discretion of the trial court. McCall v. Bensen, 114 F.3d 754, 756 (8th Cir. 1997); Mosby v. Mabry, 697 F.2d 213, 214-15 (8th Cir. 1982).  Since the Court recommends that this case be dismissed under Fed. R. Civ. P. 12(b)(6), it denies Plaintiff's oral request to appoint counsel.

Dated: January 5, 2012         s/Leo I. Brisbois
                               Leo I. Brisbois
                               U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by January 19, 2012**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.