UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| RICHARD WESLEY RANDALL, | Case No. 11-CV-2944 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| R.S.C. EQUIPMENT RENTAL, | |
| Defendant. | |

---

Richard Wesley Randall, pro se.

Theodore Dorenkamp, BOWMAN & BROOKE LLP, for defendant.

On September 14, 2005, plaintiff Richard Wesley Randall was injured in an accident involving a backhoe that he rented from defendant R.S.C. Equipment Rental ("RSC"). Six years later (to the day), Randall filed suit to recover damages arising from RSC's alleged negligence.

This matter is before the Court on Randall's objections to Magistrate Judge Leo I. Brisbois's January 5, 2012 Report and Recommendation ("R&R") [Docket No. 20]. Judge Brisbois recommends dismissing Randall's complaint without prejudice for failure to state a claim. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Based on that review, the Court adopts the R&R and dismisses Randall's complaint.

The Court agrees with Judge Brisbois that Randall has not pleaded sufficient facts to state a negligence claim against RSC. Randall's primary contention appears to be that RSC's employees acted negligently by failing to call for medical assistance on Randall's behalf after they were notified by Randall that he had been in an accident the previous day. *See* Compl. ¶¶ 6, 7(b). But, as Judge Brisbois explains, the law does not ordinarily impose a duty on an equipment lessor such as RSC to come to the aid of its customers. *See Funchess v. Cecil Newman Corp.*,

632 N.W.2d 666, 674 (Minn. 2001) ("We are generally cautious and reluctant to impose a duty to protect between those conducting business with one another."). It is true that "'one who voluntarily assumes a duty will be liable for damages resulting from failure to use reasonable care.'" *Id.* (quoting *Isler v. Burman*, 232 N.W.2d 818, 822 (Minn. 1975)); *see also* Restatement (Second) of Torts § 323 (1965). But here, Randall has not pleaded sufficient facts from which the Court can plausibly infer that anyone from RSC voluntarily assumed a duty to call for emergency assistance on his behalf.[1]

In his complaint, Randall also alleges that RSC's employees engaged in unspecified "business practice[s]" that were "unfair" and "unfit." Compl. ¶ 7(e). Recognizing that Randall is proceeding pro se, Judge Brisbois generously construed this allegation as an attempt to bring claims under the Minnesota Consumer Fraud Act ("MCFA"), Minn. Stat. § 325F.69, and the Minnesota Deceptive Trade Practices Act ("MDTPA"), Minn. Stat. § 325D.44. The Court agrees with Judge Brisbois that, even if Randall had pleaded facts to support these claims, Randall could not maintain a claim under either statute.

The MCFA does not itself provide a cause of action to individual consumers who have been defrauded. Rather, a consumer who is injured by a violation of the MCFA may bring a civil action for injunctive relief, damages, and reasonable attorney's fees under Minnesota's private-attorney-general statute, Minn. Stat. § 8.31, subd. 3a, *if* the action "benefits the public." *Ly v. Nystrom*, 615 N.W.2d 302, 314 (Minn. 2002) (holding that the private-attorney-general statute

---

[1] Randall alleges that, on the morning after the accident, he called RSC and was told by RSC employee Paul Markala "not to call anyone or move anything [and] that he would be right there." Compl. ¶ 6. That statement alone, however, does not permit an inference that Markala assumed a duty to notify emergency assistance on Randall's behalf.

"applies only to those claimants who demonstrate that their cause of action benefits the public"). Here, the Court agrees with Judge Brisbois that, because Randall's purported claim arises out of his one-on-one dealing with RSC, his action does not satisfy the public-benefit requirement of the private-attorney-general statute. *See id.* (finding that the successful prosecution of a single instance of fraud in a one-on-one transaction does not benefit the public). Thus, Randall cannot bring a claim under the MCFA.

Unlike the MCFA, however, the MDTPA itself creates a cause of action for injunctive relief to any person who is "likely to be damaged by a deceptive trade practice of another." Minn. Stat. § 325D.45, subd. 1. This means that a plaintiff may obtain an injunction under the MDTPA without having to resort to the private-attorney-general statute and, therefore, need not satisfy the public-benefit requirement.[2] But that does not help Randall in this case because the MDTPA provides only for injunctive relief, and Randall seeks damages. *See Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 339 (Minn. Ct. App. 1999) (explaining that the MDTPA provides only for injunctive relief).

---

[2]The Court acknowledges that in *DeVary v. Countrywide Home Loans, Inc.*, the fact that the plaintiff was not suing for a public benefit was one of the reasons cited by this Court in dismissing his MDTPA claim. 701 F. Supp. 2d 1096, 1109 (D. Minn. 2010). (The other reason was because the plaintiff failed to satisfy the particularity requirement of Fed. R. Civ. P. 9(b).) The Court was mistaken in implying that an MDTPA claim could be brought only under Minn. Stat. § 8.31, subd. 3a. Although the private-attorney-general statute provides a private remedy for violations of *some* consumer-protection statutes (such as the MCFA), it does not provide a remedy for violations of the MDTPA. *See State by Humphrey v. Philip Morris Inc.*, 551 N.W.2d 490, 496 (Minn. 1996); *see also Dennis Simmons, D.D.S., P.A. v. Modern Aero, Inc.*, 603 N.W.2d 336, 340 (Minn. Ct. App. 1999).

In its defense, the Court notes that other courts, including the Eighth Circuit, have made the same mistake. *See, e.g.*, *Davis v. U.S. Bancorp*, 383 F.3d 761, 767-68 (8th Cir. 2004) (dismissing claims under a slew of consumer-protection statutes, including the MDTPA, for failing to demonstrate a public benefit as required by the private-attorney-general statute).

Finally, Randall alleges for the first time in his objection to the R&R that RSC failed to provide him with "safe" equipment and that this failure "lead [sic] directly to [his] injuries." *See* Pl. Obj. to R&R at 2 [Docket No. 21]. Randall's allegation does not provide a basis for objecting to the R&R, as he did not raise this allegation before Judge Brisbois. *See Hammann v. 1-800 Ideas.com, Inc.*, 455 F. Supp. 2d 942, 947-48 (D. Minn. 2006) ("A party cannot, in his objections to an R&R, raise arguments that were not clearly presented to the magistrate judge." (citing *Madol v. Dan Nelson Auto. Group*, 372 F.3d 997, 1000 (8th Cir. 2004))). It appears, however, that Randall seeks permission to amend him complaint to include this allegation. That request is denied for two reasons. First, the request was not properly made. *See O'Neil v. Simplicity, Inc.*, 574 F.3d 501, 505 (8th Cir. 2009) ("The District of Minnesota's Local Rule 15.1 requires a plaintiff to submit a proposed amended pleading with a motion to amend the complaint. A district court does not abuse its discretion in denying leave to amend where a plaintiff has not followed applicable procedural rules."). Second and more importantly, Randall provides no clue as to how the backhoe that he rented was "unsafe." To the contrary, Randall's complaint implies that he was not injured because of a problem with the backhoe, but because the surface on which he was operating the backhoe collapsed. *See* Compl. ¶ 4 ("The action arises from a road failure (collapsed) accident . . . .").

The Court acknowledges that the statute of limitations has almost certainly run on Randall's claims, given that the statute of limitations for negligence claims is six years, and given that Randall chose to wait until the last possible day to bring suit. *See* Minn. Stat. § 541.05; *see also Christian v. Birch*, 763 N.W.2d 50, 56 (Minn. Ct. App. 2009) ("Minnesota has a six-year statute of limitations for negligence actions."). And thus, although the Court is dismissing

Randall's claims without prejudice, Randall will likely be unable to commence a new lawsuit as a practical matter. That said, Randall had six years to investigate his claim, and yet his complaint said not one word about the backhoe being unsafe, and his objection to the R&R said not one word about what was wrong with the backhoe. Under the circumstances, the Court is unwilling to give Randall permission to amend his complaint and force RSC to defend what would essentially be an entirely new lawsuit.

ORDER

Based on the foregoing, and on all of the files and records herein, IT IS HEREBY ORDERED THAT:

1. Randall's objections [Docket No. 21] are OVERRULED.

2. The Court ADOPTS the R&R [Docket No. 20] to the extent that it is consistent with this order.

3. RSC's motion to dismiss [Docket No. 14] is GRANTED.

4. Randall's complaint [Docket No. 1] is DISMISSED WITHOUT PREJUDICE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: June 7, 2012

s/Patrick J. Schiltz
Patrick J. Schiltz
United States District Judge